Kelly H. Dove, NV Bar 10569
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email: kdove@swlaw.com

Kiah D. Beverly-Graham, NV Bar 11916
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501-1961
Telephone: 775.785.5440
Facsimile: 775.785.5441
Email: kbeverly@swlaw.com
*Attorneys for Defendant Ford Motor Credit Company LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THOMAS K. KNIGHT,<br><br>            Plaintiff,<br><br>vs.<br><br>FORD MOTOR CREDIT COMPANY, LLC,<br><br>            Defendant. | Case No. 3:19-cv-00708-RCJ-WGC<br><br>**FORD MOTOR CREDIT COMPANY LLC'S ANSWER TO COMPLAINT** |

Defendant Ford Motor Credit Company LLC ("FMCC"), by and through its counsel of record, Snell & Wilmer L.L.P., responds to Plaintiff Thomas K. Knight's ("Plaintiff") Complaint for Damages, filed November 26, 2019 (the "Complaint").

**NATURE OF ACTION**

1. In response to Paragraph 1 of the Complaint, FMCC denies the allegations to the extent they imply wrongdoing by FMCC or that it violated the Telephone Consumer Protection Act ("TCPA") or any other duty, statutory or otherwise. FMCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint and therefore denies the same.

**JURISDICTION AND VENUE**

2. In response to Paragraph 2 of the Complaint, Paragraph 2 of the Complaint contains legal conclusions to which an answer is not required. To the extent a response is required, FMCC admits only that the TCPA arises out of federal law. FMCC denies the allegations to the extent they imply wrongdoing by FMCC or that it violated the TCPA or any other duty, statutory or otherwise. FMCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint and therefore denies the same.

3. In response to Paragraph 3 of the Complaint, Paragraph 3 contains legal conclusions to which an answer is not required. To the extent an answer is required, FMCC admits only that it conducts certain business in Nevada. FMCC denies the allegations to the extent they imply wrongdoing by FMCC or that it violated the TCPA or any other duty, statutory or otherwise. FMCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint and therefore denies the same.

**PARTIES**

4. In response to Paragraph 4 of the Complaint, Paragraph 4 of the Complaint contains legal conclusions to which an answer is not required. To the extent a response is required, FMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and therefore denies the same.

5. In response to Paragraph 5 of the Complaint, FMCC admits only that it provides certain automotive financing services and that its principal place of business is located at 1 American Road, Dearborn, Michigan 48126. FMCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and therefore denies the same.

6. In response to Paragraph 6 of the Complaint, FMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore denies the same.

**FACTS SUPPORTING CAUSES OF ACTION**

7. In response to Paragraph 7 of the Complaint, FMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore denies the same.

8. In response to Paragraph 8 of the Complaint, FMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore denies the same.

9. In response to Paragraph 9 of the Complaint, FMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore denies the same.

10. In response to Paragraph 10 of the Complaint, FMCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore denies the same.

11. In response to Paragraph 11 of the Complaint, FMCC denies the allegations.

12. In response to Paragraph 12 of the Complaint, FMCC denies the allegations.

13. In response to Paragraph 13 of the Complaint, FMCC denies the allegations.

14. In response to Paragraph 14 of the Complaint, FMCC denies the allegations.

15. In response to Paragraph 15 of the Complaint, FMCC denies the allegations.

16. In response to Paragraph 16 of the Complaint, FMCC denies the allegations.

17. In response to Paragraph 17 of the Complaint, FMCC denies the allegations.

18. In response to Paragraph 18 of the Complaint, FMCC denies the allegations.

19. In response to Paragraph 19 of the Complaint, FMCC denies the allegations.

20. In response to Paragraph 20 of the Complaint, FMCC denies the allegations.

21. In response to Paragraph 21 of the Complaint, FMCC denies the allegations.

22. In response to Paragraph 22 of the Complaint, FMCC denies the allegations.

23. In response to Paragraph 23 of the Complaint, FMCC denies the allegations.

24. In response to Paragraph 24 of the Complaint, FMCC denies the allegations.

25. In response to Paragraph 25 of the Complaint, FMCC denies the allegations.

**DAMAGES**

26. In response to Paragraph 26 of the Complaint, FMCC denies the allegations.

27. In response to Paragraph 27 of the Complaint, FMCC denies the allegations.

28. In response to Paragraph 28 of the Complaint, FMCC denies the allegations.

29. In response to Paragraph 29 of the Complaint, FMCC denies the allegations.

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

30. In response to Paragraph 30 of the Complaint, FMCC repeats and re-alleges its responses and denials as set forth above in this Answer.

31. In response to Paragraph 31 of the Complaint, FMCC denies the allegations.

32. In response to Paragraph 32 of the Complaint, Paragraph 32 purports to quote statutory language, a response to which is not required. To the extent a response is required, FMCC respectfully refers the Court to the TCPA, which speaks for itself. FMCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the Complaint and therefore denies the same.

33. In response to Paragraph 33 of the Complaint, FMCC denies the allegations.

34. In response to Paragraph 34 of the Complaint, FMCC denies the allegations.

35. In response to Paragraph 35 of the Complaint, FMCC denies the allegations.

36. In response to Paragraph 36 of the Complaint, FMCC denies the allegations.

37. In response to Paragraph 37 of the Complaint, FMCC denies the allegations.

38. In response to Paragraph 38 of the Complaint, FMCC denies the allegations.

39. In response to Paragraph 39 of the Complaint, FMCC denies the allegations.

40. In response to Paragraph 40 of the Complaint, FMCC denies the allegations.

41. In response to Paragraph 41 of the Complaint, FMCC denies the allegations.

42. In response to Paragraph 42 of the Complaint, FMCC denies the allegations.

43. In response to Paragraph 43 of the Complaint, FMCC denies the allegations.

## RESPONSE TO PRAYER FOR RELIEF

FMCC denies that Plaintiff is entitled to any statutory or punitive damages; any declaratory or injunctive relief; or any other relief against FMCC as set forth in the prayer for relief.

## AFFIRMATIVE DEFENSES

As separate, alternative, and affirmative defenses to the Complaint, FMCC alleges:

1. The Complaint fails to state a claim against FMCC upon which relief can be granted.

2. Plaintiff's claims may be barred by the applicable statute of limitations and/or doctrine of laches.

3. Plaintiff cannot prove FMCC violated TCPA, knew it was violating TCPA, or acted with reckless disregard as to whether it was violating TCPA.

4. Plaintiff cannot establish any damages with reasonable certainty.

5. Plaintiff cannot establish that FMCC engaged in a willful violation of TCPA such that he is entitled to treble damages.

6. Plaintiff may have failed to mitigate his damages.

7. Some or all of Plaintiff's damages, if any, may have been caused by the acts, omissions, and/or errors of Plaintiff and/or others. Thus, any damages are barred or reduced by the contributory and comparative negligence of Plaintiff or others.

8. Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

9. Plaintiff lacks standing because Plaintiff suffered no injury in fact.

10. At all relevant times, Plaintiff consented to being contacted by Defendant by telephone for debt collection purposes.

11. If Plaintiff withdrew his consent to be contacted by telephone, Defendant immediately ceased any attempts to contact Plaintiff by telephone.

12. FMCC reserves all defenses under Federal Rules of Civil Procedure 8 and 12, and any additional defenses and avoidances that may apply through discovery or otherwise.

WHEREFORE, having fully defended, FMCC prays for the following relief:

A. That Plaintiff's Complaint be dismissed with prejudice, and that Plaintiff take nothing thereby;

B. That FMCC be awarded its costs and attorneys' fees, as allowed by law, in defending this action; and

C. For such other and further relief as the Court deems just and proper.

Dated: January 23, 2020.                    SNELL & WILMER L.L.P.

By: */s/ Kiah D. Beverly-Graham*
Kelly H. Dove, NV Bar 10569
Kiah D. Beverly-Graham, NV Bar 11916
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169

*Attorneys for Defendant Ford Motor Credit Company LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED:  January 23, 2020

                                          */s/ Lara J. Taylor*  
                                        An Employee of Snell & Wilmer L.L.P.